UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND SAFETY FUNDS
and THE HIGHWAY, ROAD AND STREET
CONSTRUCTION LABORERS LOCAL UNION
1010,

**MEMORANDUM & ORDER**
16-CV-00223 (MKB) (CLP)

Plaintiffs,

v.

MARGARELLA INDUSTRIAL
CONSTRUCTION CORP.,

Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds and The Highway, Road and Street Construction Laborers Local Union 1010 commenced the above-captioned action against Defendant Margarella Industrial Construction Corp. on January 15, 2016. (Compl., Docket Entry No. 1.) Plaintiffs allege that Defendants failed to make payments to Plaintiffs' employee benefit plans in accordance with the parties' collective bargaining agreement ("CBA") and seek damages pursuant to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. section 1001 *et seq.* ("ERISA"). (Am. Compl. ¶¶ 16–23, 31, 35, Docket Entry No. 12.) The parties executed a settlement agreement and, on July 12, 2018, moved the Court to approve a consent judgment based on the settlement. (Pls. Mot. to Approve Consent Judgment ("Pls.

Mot."), Docket Entry No. 47.) By letter dated July 23, 2018, Defendant's principal wrote to the Court challenging the settlement. (Margarella Letter, Docket Entry No. 49.)

Currently before the Court is a report and recommendation from Magistrate Judge Cheryl L. Pollak (the "R&R"), recommending that the Court deny Defendant's motion to vacate the settlement agreement and authorize entry of the consent judgment. (R&R, Docket Entry No. 63.)

## I. Background

On June 14, 2018, the parties entered into a settlement agreement (the "Settlement Agreement"), pursuant to which Defendant was required to pay Plaintiffs a total of $46,711 in six installments. (Settlement Agreement ¶¶ 2–3, Docket Entry No. 47-2.) The first installment was due on or before June 1, 2018. (*Id.* ¶ 3.) Also on June 14, 2018 and in accordance with the terms of the Settlement Agreement, the parties signed a consent judgment providing that, in the event of an uncured default, Plaintiffs would be entitled to seek enforcement of the consent judgment (the "Consent Judgment"). (Consent Judgment ¶ 2, Docket Entry No 47-2.) The Consent Judgment states that Plaintiffs are entitled to $51,171.35, "less any amounts previously paid by the Defendant[]." (*Id.* ¶ 1.)

On June 20, 2018, Plaintiffs notified Defendant in writing that Defendant was in default. (Notice of Default of Settlement, Docket Entry No. 47-4.) On July 12, 2018, Plaintiffs moved for entry of the Consent Judgment. (Pls. Mot.) On February 19, 2019, Defendant filed an opposition to the motion for entry of the Consent Judgment (Def. Opp'n to Pls. Mot., Docket Entry No. 56) and moved to vacate the Settlement Agreement (Def. Mot. to Vacate Settlement Agreement, Docket Entry No. 55).

On April 8, 2019, the Court referred Defendant's motion to vacate the Settlement Agreement and opposition to Plaintiff's motion for entry of the Consent Judgment to Judge Pollak for a report and recommendation. (Order dated April 8, 2019.)

II. **Report and recommendation**

By report and recommendation dated August 6, 2019, Judge Pollak recommended that the Court deny Defendant's motion to vacate the Settlement Agreement and authorize entry of the Consent Judgment in accordance with the terms of the Settlement Agreement. (R&R 10.) In recommending that the Court deny Defendant's motion, Judge Pollak noted that Defendant failed (1) to "submit any medical evidence indicating that . . . [Defendant's principal, Stephen Margarella,] was not competent to comprehend the nature of the agreement he was entering into" or (2) to provide an affidavit by Mr. Margarella attesting to his condition at the time he entered into the agreement on behalf of Defendant. (*Id.* at 7.) Judge Pollak further noted that Defendant's apparent "second thoughts about the wisdom of entering in the Agreement and/or dissatisfaction with the terms of the agreement" is "not the sort [of mistake] that would warrant" vacating the Settlement Agreement. (*Id.* at 9.) In addressing Defendant's claim that it has a valid defense to Plaintiffs' claims because a third party, ORBA Contracting, Inc. ("ORBA"), was responsible for making payments to Plaintiffs, Judge Pollak found that "the law is clear that any agreement between ORBA and [Defendant] does not absolve [Defendant] of its responsibilities to [Plaintiffs] under the CBA." (*Id.*)

No party has objected to the R&R.

III. **Review and adoption of report and recommendation**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

3

28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court denies Defendant's motion to vacate the Settlement Agreement and authorizes entry of the Consent Judgment.

Dated: August 29, 2019
      Brooklyn, New York

                                        SO ORDERED:

                                              s/ MKB
                                        MARGO K. BRODIE
                                        United States District Judge